# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LUCIANO ANDRADES**, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 16 C 9413 |
| **ENHANCED RECOVERY COMPANY, LLC**, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

This Court has just received, via the computer-generated random assignment system in effect in this District Court, the assignment of a purported Class Complaint brought by Luciano Andrades ("Andrades") against Enhanced Recovery Company, LLC ("Enhanced"). In that respect this Court has long respected and enforced both the efforts of Congress to provide relief from abusive conduct toward this country's consumer citizenry and, relatedly, the provision of class-based relief to deal with the reality that such conduct may create harms that the real world of economics may make it extraordinarily burdensome for any individual consumer to pursue a remedy on his or her own. But regrettably there is another side to that coin -- the effort by some counsel to distort reality or practicality or both by an inappropriate invocation of some of the legislation referred to in this paragraph.

Just so here, where Complaint ¶ 10 refers to Andrades having assertedly incurred a debt for goods and services for personal purposes (in this instance a T-Mobile consumer cell phone) that Andrades was unable to pay "[d]ue to his financial circumstances") (Complaint ¶ 11), so that the $97 debt (Complaint ¶ 15) went into default. When T-Mobile then assigned the debt to

Enhanced for collection, Enhanced reported the indebtedness to credit agency Experian as amounting to $122, comprising the defaulted debt of $97 plus a $25 collection fee.

Complaint Ex. D is a copy of T-Mobile's "Terms & Conditions," which Andrades and his counsel do not challenge as applicable to his default and to the consequent efforts needed to collect on that default. But in that regard the Complaint paints a misleading picture by (1) emphasizing that the $25 collection agency fee amounts to about 25% of Andrades' delinquency and (2) urging that such a percentage is excessive when the "costs of collection" are portrayed as simply "mailing Plaintiff a collection letter" (Complaint ¶ 21).

In that respect Complaint ¶ 18 quotes a snippet of the T-Mobile Terms & Conditions that are attached to the Complaint as its Ex. D. In fairness, however, that portion of the Terms & Conditions, which provides an explanatory response to the all-boldface question[1] "**WHAT IF I DON'T PAY ON TIME?**" reads in relevant part:

> We may use a collection agency to collect past due balances and you agree to pay collection agency fees. If we accept late or partial payments, you still must pay us the full amount you owe, including late fees. We will not honor limiting notations you make on or with your checks. Late payment, nonpayment or collection agency fees are liquidated damages intended to be a reasonable advance estimate of our costs resulting from late payments and non-payments by our customers; these costs are not readily ascertainable and are difficult to predict or calculate at the time that these fees are set.

Any reasonable person, even including the "unsophisticated consumer" that sets the standard for Fair Debt Collection Practices Act purposes, must necessarily realize that the "costs of collection" are not limited, as the Complaint asserts unreasonably, to the sole act of sending out a notice of delinquency. And as to the reasonableness of a modest $25 charge for the time

---

[1] That question and the answer given by T-Mobile are part of an extended series of questions and explanations likely to be of interest to a purchasing customer such as Andrades.

and money necessarily involved in processing any collection effort, it is surely unfair to fault the creditor or the collection agency because the amount on which the debtor elected to default was $97.[2]

Accordingly this Court is not currently taking the steps that it customarily pursues initially as to every case assigned to its calendar. Instead it will await the prompt input of Andrades' counsel on the matters dealt with here.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 5, 2016

---

[2] It might well be said parenthetically that what has been discussed here casts doubt on the Complaint's class assertion that portrays Andrades as a proxy for "all others similarly situated," but this memorandum order expresses no substantive judgment on that subject.