IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCIANO ANDRADES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9413 |
| | ) | |
| ENHANCED RECOVERY COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

This Court's November 7 memorandum order (the "Order") addressed a number of problematic aspects of the Answer and Affirmative Defenses ("ADs") that had been filed by Enhanced Recovery Company, LLC ("Enhanced") to the First Amended Complaint ("FAC") brought against by it Luciano Andrades ("Andrades"). To the extent that those problems stemmed from the fact that Enhanced's counsel who drafted that responsive pleading is a Florida lawyer and therefore unfamiliar with local practices and requirements (such as this District Court's LR 10.1), this Court was not of course unduly critical -- instead it simply called attention to the local requirement and expected it to be cured the next time around.

That however cannot be said of counsel's total failure to heed what the Order had specifically said about the original Answer's use (or more accurately misuse) of Fed. R. Civ. P. ("Rule") 8(b)(5):

> As for the Answer's use of Rule 8(b)(5), defense counsel has impermissibly followed the invocation of that disclaimer by stating "and therefore, denies the allegations" (Answer ¶¶ 5, 11, 13 and 14). But it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because

such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Yet counsel has inexplicably repeated the same impermissible language in each of the four paragraphs referred to in that quotation -- and, indeed, has added one more to boot -- Amended Answer ¶ 10. This Court again strikes that oxymoronic language wherever it appears, and it anticipates addressing the question of possible appropriate sanctions at the next status hearing.

That same criticism applies to AD 1, as to which the Order clearly explained the problem with presenting the equivalent of a Rule 12(b)(6) motion as an unsupported AD. Yet once again counsel totally ignored the striking of that earlier AD 1 and simply repeated it verbatim in its current response. It is once again stricken, and here too defense counsel will be expected to provide some explanation of a total disregard of this Court's plain message.

Finally, defense counsel has responded to FAC 1 -- its assertion of "jurisdiction pursuant to § 1692k(d) of the FDCPA" -- by denying that Andrades "has standing to bring the claims alleged," so that this Court assertedly lacks subject matter jurisdiction. That appears to betray a serious misunderstanding of the fundamental meaning of the legal concept of subject matter jurisdiction, which speaks of a federal court's power to hear claims of the sort advanced by a plaintiff, rather than the ability or lack of ability of a plaintiff to advance a successful claim.

There is no question that Congress has conferred power to hear a claim of the type sought to be advanced by Andrades by enacting 15 U.S.C. § 1692k(d) -- captioned "Jurisdiction," no less -- so that this Court has jurisdiction to entertain such a claim and to decide whether a plaintiff has or has not successfully invoked the statute involved. Hence Amended Answer ¶ 1 and its corollary AD 3 will also be stricken unless defense counsel presents a colorable argument

for lack of subject matter jurisdiction and lack of Andrades' standing at the next status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 29, 2016