# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUCIANO ANDRADES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 9413 |
| | ) |
| ENHANCED RECOVERY COMPANY LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This memorandum order is occasioned by an apparent breakdown in the administration of opinions and memorandum orders issued by this Court -- in this instance counsel for defendant Enhanced Recovery Company, LLC ("Enhanced") report that they never received this Court's November 7 memorandum order ("Order I," a copy of which is attached).[1] Because counsel's subsequent November 18 filing of an Amended Answer and Affirmative Defenses ("ADs") to the First Amended Complaint brought against Enhanced by Luciano Andrades ("Andrades") complied with this District Court's LR 10.1, which was the first matter referred to in Order I, this Court naturally assumed that counsel had received a copy of that order.

Because counsel's November 18 responsive pleading did not address all of the flaws identified in Order I, this Court issued a November 29 memorandum order ("Order II") that Enhanced's counsel did receive in the ordinary course -- a receipt that triggered counsel's

---

[1] That reported nonreceipt is confirmed by the fact that Order I mysteriously never found its way into the court docket.

communication with this Court's staff to report the nonreceipt of Order I. Under the circumstances described here, this Court simply orders that Enhanced's counsel comply with the directives contained in both Order I and Order II by filing a self-contained Second Amended Answer with any appropriate ADs on or before December 21, 2016. Although this Court will not have received the paper Judge's Copy of that pleading by the previously scheduled December 14 status hearing date, no change is ordered in that hearing date.

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: November 30, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUCIANO ANDRADES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 9413 |
| ) | |
| ENHANCED RECOVERY COMPANY ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This Court's sua sponte October 5 memorandum order was prompted by what it perceived as substantial deficiencies in the putative Class Complaint brought by Luciano Andrades ("Andrades") against Enhanced Recovery Company, LLC ("Enhanced"). Andrades' counsel then responded by filing a First Amended Complaint ("FAC") that dropped any potential class treatment and sought to cure other problems posed by the initial pleading. Now Enhanced has come forward with an Answer and Affirmative Defenses ("ADs") that, if the original Complaint and the FAC were to be assigned a grade in the C to D range in Federal Practice and Procedure 101, could well earn a failing or near-failing grade in the same course.

Before this memorandum order turns to material issues, brief mention may be made of the responsive pleading's failure to comply with this District Court's LR10.1, which requires a respondent defendant to set out a "concise summary" of each of a complaint's allegations, followed then by the pleader's response . In that respect the drafter of the current Answer's responsive pleading -- a Jacksonville, Florida lawyer -- is advised that defense counsel in this district typically follow the easier practice of copying a complaint's allegations verbatim, rather

than having to spend time composing "concise summaries." But Enhanced's Florida lawyer can hardly be blamed for his unawareness of LR10.1 -- instead, where as here Chicago counsel have also appeared in the case, it should be that firm's responsibility to apprise the out-of-state lawyer of local practices and procedures that apply to handling a case in this district.

That however does not excuse the commission by Enhanced's Florida counsel of other violations exhibited by the current Answer and ADs – usages that are at odds with universally applicable federal practices and procedures. This order goes on to identify those departures.

First among them is counsel's pervasive repetition of labeling many of Andrades allegations as "a legal conclusion and therefore ERC [Enhanced] is not required to respond." (see, e.g., Answer ¶¶ 1, 3, 4, 5, 9, 10, 16, 21 and 25). That is of course dead wrong -- see App'x ¶ 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). All of those assertions are therefore stricken, and Enhanced's counsel must comply with Fed. R. Civ. P. ("Rule") 8(b)(1)(B) or, where appropriate, Rule 8(b)(5) in responding to all of the allegations in the FAC.

As for the Answer's use of Rule 8(b)(5), defense counsel has impermissibly followed the invocation of that disclaimer by stating "and therefore, denies the allegations" (Answer ¶¶ 5, 11, 13 and 14). But it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation, then proceed to deny it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

This memorandum now turns to the ADs that follow the Answer itself. Several are problematic:

1. AD 1 is the equivalent of a Rule 12(b)(6) motion, and it does not belong in the AD category. If it were left where it is, it would be much like a bomb that Enhanced could set off at any later time, even after both sides had already expended a good deal of time and resources in preparing the case for disposition. If Enhanced's counsel really believes that Andrades has failed to state a viable claim, that must be addressed up front by a properly supported motion. So in the form that it has been presented, AD 1 is stricken.

2. AD 5, which simply draws on part of the laundry list set out in Rule 8(c)(1), suffers from the same defect. Moreover, it is totally uninformative in terms of the notice pleading concept that underlies proper federal pleading. Hence it too is stricken, but this time without prejudice to the possible reassertion of one or more of the current ADs if and when coupled with an appropriately supported showing. If that is not done promptly as to any matter now known to Enhanced, that AD will be forfeited.

In sum, Enhanced's current responsive pleading (Dkt. No. 13) is stricken, but leave is granted to file an Amended Answer and ADs on before November 21, 2016. Enhanced's counsel may not charge the client for any fees and expenses attributable to that repleading, and

counsel is ordered to apprise Enhanced to that effect by letter, with a copy to be transmitted to this Court (solely for informational purposes and not for filing).

                                                                  */s/ William D. Shadur*

                                                                    Milton I. Shadur

Date: November 7, 2016                         Senior United States District Judge